UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| RICHARD BREES<br>    Plaintiff<br><br>vs.<br><br>NATIONWIDE CREDIT, INC.<br>    AND<br>AMERICAN EXPRESS TRAVEL<br>RELATED SERVICES COMPANY,<br>INC.<br><br>    Defendants | Case Number<br><br>CIVIL COMPLAINT<br><br>JURY TRIAL DEMANDED |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Richard Brees, by and through his undersigned counsel, Bruce K. Warren, Esq. of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

### I.    INTRODUCTORY STATEMENT

1.    Plaintiff, Richard Brees (hereinafter "Plaintiff"), an individual consumer, brings this action for actual and statutory damages and other relief against Defendant Nationwide for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices and the Ohio Consumer Sales Practices Act, O.R.C. § 1345.01 ("OCSPA")

which prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices, and against both Defendants for Breach of Contract.

## II.     JURISDICTION

2.     Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.     Venue in this District is proper in that the Defendant has a primary location in this District.

## III.     PARTIES

4.     Plaintiff, Richard Brees ("Plaintiff") is an adult natural person with a mailing address of 440 Smiley Avenue, Cincinnati, Ohio 45246. Plaintiff is a "consumer" as defined by the FDCPA, 15. U.S.C. § 1692a(2).

5.     Defendant, Nationwide Credit, Inc. ("Nationwide"), at all times relevant hereto, is and was a Corporation engaged in the business of collecting debt within the state of Ohio and the State of Georgia with a principal office located at 2015 Vaughn Road, NW, Keensaw, Georgia 30144-7801.

6.     Defendant, American Express Travel Related Services Company, Inc. ("Amex Travel") at all times relevant hereto, is and was a banking corporation with core services that include consumer and small business banking, credit cards, and asset management. Defendant is also engaged in the business of collection on said credit cards in

the state of Georgia with a principal place of business located at World Financial Center, 200 Vesey Street, New York, New York 10285.

7. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  FACTUAL ALLEGATIONS

8. Plaintiff at all times relevant hereto was represented by a law firm to represent her in dealing with her creditors.

9. On or about February 2, 2011, with the help of her attorney, Plaintiff settled with Defendant Nationwide on a debt owed on Defendant Amex Travel account.

10. The original debt was for approximately $10,477.34 and Defendant Nationwide on behalf of Defendant Amex Travel agreed to a settlement amount of $4,714.71. See settlement letter attached as **Exhibit A**.

11. Plaintiff was to make twelve (12) payments with the first payment due on or before February 3, 2011.

12. On or about February 3, 2011, Plaintiff's attorney issued a check by phone to the Defendant Nationwide in the amount of $495.00.

13. Defendant Nationwide accepted the first deposited the first payment on or about February 7, 2011.

14. On or about March 3, 2011, Plaintiff's attorney sent a second check to the Defendant Nationwide in the amount of $383.61.

15. On or about April 4, 2011, Plaintiff's attorney sent a third check to the Defendant Nationwide in the amount of $383.61.

16. Defendant Nationwide returned the second check payment stating they no longer have the account. See payment return letter attached as **Exhibit B**.

17. Notwithstanding the above, on or about April 12, 2011, the third payment was deposited by Defendant Nationwide. .

18. Defendant Amex Travel refused to honor the agreement entered into by Defendant Nationwide.

19. Defendant, Nationwide and Defendant, Amex Travel's failed to honor the agreement with Plaintiff.

20. The Defendants acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff in connection with the collection of a debt.

21. The Defendants knew or should have known that their actions violated the FDCPA. Additionally, Defendants could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

22. At all times pertinent hereto, Defendants was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendants herein.

23. At all times pertinent hereto, the conduct of Defendants as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

24. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to

Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I – FDCPA

### Plaintiff v. Defendant, Nationwide

25. The above paragraphs are hereby incorporated herein by reference.

26. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

27. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

> §§1692d: Any conduct the natural consequence of which is to harass, oppress, or abuse any person
>
> §§1692e: Any other false deceptive, or misleading representation or means in connection with the debt collection
>
> §§1692e(10): Any false representation or deceptive means to collect a debt
>
> §§1692f: Any unfair or unconscionable means to collect or attempt to collect the alleged debt

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Nationwide Credit, Inc., for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

    d.    Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II
## VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT
## (O.R.C. § 1345.01, et seq.)
## Plaintiff v. Nationwide and Amex Travel

28.    The above paragraphs are hereby incorporated herein by reference.

29.    Plaintiff is a "Consumer" as defined by O.R.C. § 1345.01(D).

30.    Defendants are "suppliers" as defined by O.R.C. § 1345.01(C).

31.    At all times relevant, Defendants were engaged in "consumer transactions" as "suppliers" as defined by O.R.C. § 1345.01(A).

32.    O.R.C. § 1345.002 prohibits "suppliers" from using unfair or deceptive practices.

33.    O.R.C. § 1345.03 prohibits "suppliers" from using unconscionable consumer sales acts or practices.

34.    Numerous Ohio Courts have held that a violation of the FDCPA is also a violation of the OCSPA.

35.     Defendant's debt collection actions as more fully described in the preceding paragraphs violate the OCSPA.

36.     Defendant's acts were reckless, willful, and intentional and/or were done with knowledge of their harmful effects towards Plaintiff and as such Defendants are subject to punitive damages.

37.     Defendant's acts and omissions, when a duty to act was owed, constitute numerous and multiple violations of the OCSPA, including every one of the above cited provisions and as such Plaintiff is entitled to damages.

## COUNT III  - BREACH OF CONTRACT

### Plaintiff v. Nationwide and Amex Travel

43.     The above paragraphs are hereby incorporated herein by reference.

44.     The facts set forth herein establish that there was a contractual relationship between the parties, whereby the Defendants promised to Plaintiff the opportunity to participate in an agreed upon settlement.  Plaintiff accepted the invitation that was offered and agreed to participate in the settlement.

45.     Defendants are in breach of their contract.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, Nationwide Credit, Inc. and Bank of America, N.A., for the following:

   a.     Actual damages;

   b.     Statutory damages pursuant to 15 U.S.C. § 1692k;

   c.     Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.      Such additional and further relief as may be appropriate or that the interests of justice require.

### V.      JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date: August 10, 2011**          **BY:** _____
                                              Bruce K. Warren, Esquire

Warren & Vullings, LLP
93 Old York Road
Jenkintown, PA  19046
215-745-9800    Fax 215-745-7880
Attorneysø for Plaintiff
bkw@w-vlaw.com